O

JS-6

cc: Los Angeles Superior Court
case No. BC252904: order, docket and remand letter

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE EDWARDS, VIRGIA WALKER, ROSALIND WALKER, NANCY BEALEY, CARL BRADLEY, ALMA GANT, MARVIN GREEN, CLOTEAL JONES, PHYLLIS McNULTY and WANDA PEARSON, individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANGELES ABBEY MEMORIAL PARK, INC., a California corporation, JEAN SANDERS, CONNER-JOHNSON MORTUARY, SOUTH LOS ANGELES MOROTUARY, INC., a California corporation; LEGGETT E. KING FUNERAL HOME, an entity unknown,<br><br>Defendants. | Case No. CV 09-02441 DDP (RCx)<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Motion filed on May 5, 2009] |

**I. BACKGROUND**

Plaintiffs are family members of decedents who were allegedly improperly buried by Defendant Angeles Abbey. Plaintiffs filed their original complaint on June 22, 2001, and their first amended complaint on September 19, 2001. After Defendant's demurrer was

sustained with leave to amend on November 27, 2001,[1] Plaintiffs filed a second amended complaint on January 4, 2002. The trial court then held that the second amended complaint did not relate back to the original complaint, a decision which the California Court of Appeal reversed and remanded on September 22, 2004.

On May 10, 2007, this case was certified as a class action. Subsequently, Defendants' motion for summary judgment was granted as to the three named class representatives, but not as to the class claims. Plaintiffs were granted leave to substitute new class representatives and amend their complaint once more on March 25, 2009.

On February 2, 2009, Plaintiffs filed their fourth amended complaint ("Fourth AC") and Defendants removed on February 8, 2009 on the basis of diversity jurisdiction under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453(b)(and the Class Action Fairness Act).

Plaintiffs then filed the present motion to remand the Fourth AC.

**II. DISCUSSION**

A.   Motion to Remand

Removal statutes are strictly construed. Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008)(citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A defendant has the burden to establish that removal is proper, and any doubt is resolved against removal. Gaus, 980 F.2d at 566.

---

[1] In the California appellate court's opinion, the demurrer is erroneously dated 2002.

2

1    Under 28 U.S.C. 1446(b), an action may not be removed on the
2 basis of diversity one year after an action has commenced.  "In
3 California, as in the federal courts, a suit is 'commenced' upon
4 filing."  <u>Bush v. Cheaptickets, Inc.</u>, 425 F.3d 683, 687 (9th Cir.
5 2005).  However, the one year limit does not apply under the Class
6 Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005),
7 which suspends the one year limitation under § 1453(b).  CAFA only
8 applies to those complaints which are "commenced on or after"
9 February 18, 2005.  <u>Bush v. Cheaptickets, Inc.</u>, 425 F.3d 683, 686
10 (9th Cir. 2005).
11    Here, Plaintiffs' original complaint was filed in 2001, and
12 therefore CAFA does not apply.  Defendants' argument that a "new"
13 action has been filed through the Fourth AC is not well-taken.
14 Although the claims of the class representatives were dismissed in
15 state court, the state court granted leave to substitute new class
16 representatives from the class.  The state court also expressly
17 stated that the class claims remained viable.  (Mot. Ex. D. 4:16-
18 19.)
19    Defendants next argue that, if the claims of the class
20 representatives are dismissed after a class action is certified,
21 that the entire lawsuit is automatically dismissed.  This argument
22 is also not well-taken, and Defendants provide no authority to
23 support it.  Defendants instead cite to general cases describing
24 the effect of a class action on class members or of res judicata
25 after the class claims are adjudicated.  <u>See, e.g.</u>, <u>Johnson v. Am.</u>
26 <u>Airlines</u>, 157 Cal. App. 3d 427, 430-31 (Cal. Ct. App.
27 1984)(discussing res judicata in a case where a class action was
28 dismissed with prejudice upon entry of a consent decree).

3

1  Therefore, the Court finds that Plaintiffs' action commenced
2 over one year ago and remand is appropriate.

### B. Motion for Attorneys' Fees

Attorneys' fees may be granted in a motion to remand under 28 U.S.C. § 1447(c), which provides that "an order remanding the case [for lack of subject matter jurisdiction] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Awarding fees does not require a finding of bad faith by the court, and instead may be granted upon motion where, for example, a defendant "experiments" in state court and then "remove[s] upon receiving an adverse decision."  <u>Moore v. Permanente Medical Group</u>, 981 F.2d 443, 448 (9th Cir. 1992).  Such is the case here.  Defendants received an adverse decision – the state court's decision to permit the substitution of new class representatives – and then removed to this Court.

Defendants removal was eight years after the case had been filed and based on reasoning that was not supported by any authority.  While Defendants argue that they merely presented novel arguments, the Court finds that their arguments were essentially frivolous and contrary to express legal authority.  Therefore, the Court finds that an award of attorneys' fees is appropriate.

Plaintiffs' motion for fees states that Plaintiff's counsel worked 5.5 hours drafting its motion, reviewing Defendants' opposition, and drafting a reply.  The Court finds that this amount of hours is appropriate.  Plaintiffs' counsel also states that his normal hourly rate is $500/hour.  However, Plaintiffs' counsel does not provide a declaration supporting this hourly rate.

4

Accordingly, the Court finds that a rate of $250/hour is appropriate, in light of the number of years counsel has been involved with this case (eight years). Using this hourly rate, Plaintiff's attorneys' fees on this motion amount to $1,375.

**III. CONCLUSION**

For the above reasons, the Court GRANTS Plaintiff's motion, including its request for an award of attorneys' fees. The Court ORDERS Defendants' to pay Plaintiff's fees and costs in the amount of $1,375.

IT IS SO ORDERED.

Dated: July 2, 2009

_____
DEAN D. PREGERSON
United States District Judge